On Application for Rehearing

WOODALL,
Justice.
On application for rehearing, Patricia Cunningham and her son, Judge Preston Cunningham III, allege that this Court “flatly ignored [their] argument on a critical procedural reason to affirm.” Rehearing application, at 1. We write further to address this criticism.
On original submission, the Cunning-hams argued that “the sufficiency of the evidence to support punitive' damages [was] not reviewable because ... prior to the verdict, [Regions] never moved for a judgment as a matter of law on the basis that the evidence was insufficient to sup *908 port a punitive damage claim.” Cunning-hams’ brief, at 27. In support of their argument, the Cunninghams cited Industrial Technologies, Inc. v. Jacobs Bank, 872 So.2d 819 (Ala.2003), for the proposition that an “argument on sufficiency of evidence of compensatory damages first raised in post-verdict motion for [judgment as a matter of law] is not reviewable.” Cunninghams’ brief, at 28 (emphasis added). While our opinion on original submission did not address the Cunninghams’ procedural argument, this Court duly considered it and found the argument to be meritless.
The Cunninghams argue that “there is no principled reason not to apply [the Jacobs holding].” Rehearing application, at 5. However, they overlook a critical distinction between Jacobs and this case. It is true that this Court, in Jacobs, held that the defendant had failed to preserve for review the issue of the sufficiency of the evidence of compensatory damages because that issue was raised for the first time in the defendant’s posttrial motion. Jacobs, 872 So.2d at 825. However, this Court has held that “the issue of whether [an] award of punitive damages was supported by clear and convincing evidence [can be properly raised] in [a] post-judgment motion for [a judgment as a matter of law], or, in the alternative, a new trial or remittitur.” Sears, Roebuck & Co. v. Harris, 630 So.2d 1018, 1032 (Ala.1993)(emphasis and alterations added). As mentioned in our opinion on original submission in this case, Regions filed a postjudgment motion for a judgment as a matter of law, which sought, in the alternative, a remittitur of the punitive damages or a new trial. That postjudgment motion, as we noted, specifically challenged the sufficiency of the evidence of conduct on the part of Regions that would support an award of punitive damages. Thus, it was appropriate for this Court to consider Regions’ contention that the evidence was insufficient to support any award of punitive damages.
On rehearing, the Cunninghams, citing Jacobs, argue that Regions’ refusal to return the money after repeated demands, standing alone, is sufficient to sustain the punitive-damages award. However, this argument was not made on original submission, and “[t]he well-settled rule of this Court precludes consideration of arguments made for the first time on rehearing.” Water Works & Sewer Bd. of Selma v. Randolph, 833 So.2d 604, 608 (Ala.2002)(opinion on application for rehearing). Thus, the Cunninghams have presented nothing that warrants further review in this case.
APPLICATION OVERRULED.
NABERS, C.J., and SEE, LYONS, and PARKER, JJ., concur.
SMITH, J., recuses herself.